### WHITING *against* WHITING.

*A.* being tenant in tail general of an estate, conveyed it in fee-simple, for a valuable consideration, to *B.*; and *B.*, on the same day, leased it back to *A.*, during his natural life, he covenanting not to commit waste; after which *A.* remained in possession until his death, when the issue in tail entered. Held, that *B.*, by the conveyance from *A.*, acquired a base fee, determinable, on the death of *A.*, by the entry of the issue in tail; and that no estate subsequently remained in *A.* of which his widow could be endowed.

This was an action of ejectment, for seven acres of land in *Hartford*; tried at *Hartford, February* term, 1822, before *Peters*, J.

The land in question had been, by the court of probate, set out to the plaintiff, as dower in the estate of *Allen Whiting*, her late husband; and, it was admitted, that she was entitled to recover, if upon the following facts, she had a right of dower. *Allen Whiting* was tenant in tail general of the land in question; which, with about 70 acres more, he, on the 1st of *March,* 1814, for the consideration of 500 dollars expressed in the deed, conveyed in fee to *Allen Whiting*, 2d, with the usual covenants of seisin and warranty. On the same day, *Allen Whiting*, 2d, leased back the premises to *Allen Whiting*, dur-

*Hartford,*
*June.*
*1822.*

*Whiting*
*v.*
*Whiting.*

ing his natural life; and the latter covenanted not to commit any undue or extraordinary deprivation, or waste of timber, on the premises, and remained in possession thereof until his death, on the 8th of *February*, 1818. The defendant is one of the sons of *Allen Whiting*, the first donee in tail; and as such entered into possession of the land in question, after the death of his father. Upon these facts, the judge instructed the jury, that the plaintiff was not entitled to recover, and that the issue must be found for the defendant; which was accordingly done; and the plaintiff moved for a new trial, on the ground of a misdirection.

*T. S. Williams* and *J. Trumbull*, in support of the motion, contended, 1. That the deed to *Allen Whiting*, 2d, conveyed only an estate for life; so that *Allen Whiting* still continued tenant in tail, and, constructively, in possession. *Walsingham's* case, 2 *Plowd. Rep.* 552. *Sheffield* v. *Ratcliffe, Hob.* 334. 339.

2. That the lease from *Allen Whiting*, 2d, operated as a release of all he took; and *Allen Whiting* died in actual possession. These two instruments, executed at the same time, between the same parties, will be considered as parts of one transaction, leaving the parties in *statu quo.*

3. That as the transaction can have no other legal effect than to defeat the wife of dower, the deed will be held to be void.

4. That at any rate, a seisin sufficient to transmit the estate to the heir, is sufficient to entitle the wife to dower.

*J. W. Edwards*, contra, contended, 1. That *Allen Whiting* died possessed only of a life estate. His deed to *Allen Whiting*, 2d, parted with all his estate, and of those who claim under *him*, or *his* estate; and is void only as against issue, who claim, not under him, but *per formam doni.*

2. That the plaintiff is entitled to dower only in his estate, and that of which he died seised, as an estate of inheritance, not in a life estate. The sale by the husband, if *bona fide*, and for a valuable consideration, can and does bar dower.

3. That the defendant, as issue of the first donee in tail, on the death of the first donee, had an immediate right to enter, and hold in fee.

HOSMER, Ch. J. *Allen Whiting*, the husband of the plain-

tiff, was tenant in tail general of the land in question; which land he granted to his son *Allen Whiting*, 2d, in fee simple; and the plaintiff's right of dower depends on this precise question: Whether the conveyance left remaining in the grantor an estate, whereof he was seised at his death.

The enquiry proposed has been long settled, and the law unquestionably established. The grantee acquired a base fee, determinable on the death of the tenant in tail, by the entry of the issue in tail; but until such determination, the estate had all the incidents of a fee simple. The wife of the grantee might be endowed; the grantee was not punishable for waste; and his alienation, by feoffment, or other conveyance, would create no forfeiture. The case of *Took* v. *Glascock*, 1 *Saund.* 260. maintains a different doctrine; but this case was over-ruled, by Lord *Holt*, in *Machell* v. *Clarke*, 2 *Ld. Raym.* 778. and is opposed to the current of decisions on this subject. The observation made by Sir *Edward Coke* in his 1st Institute, 331. that a tenant in tail cannot grant, or aliene, or make any rightful estate of freehold to another person, but for the term of his own life, (as has truly been remarked by Mr. *Butler* in his note on the passage, 286.) is not to be understood literally, that the grantee has only an estate for life, and that his estate is *ipso facto* determined, by the death of the tenant in tail. All that is meant by it, is, that his estate is certain and indefeasible no longer than the life of tenant in tail, but is defeasible by the issue, either by action, or by entry or claim on the land, at his election.

In *Machell* v. *Clarke*, before cited, it was determined, Lord *Holt*, agreeably to former decisions, 3 *Rep.* 84. *b.* 10 *Rep.* 96. *a.* and to the assertion of Lord *Hobart*, *Sheffield* v. *Radcliffe*, *Hob.* 338, 339. as well as to the case of *Stone* v. *Newman*, *Cro. Car.* 429. that if tenant in tail, by bargain and sale, lease and release, covenant to stand seised, or other conveyance operating by way of grant, conveys to another and his heirs, the grantee has a base fee simple, determinable after the death of tenant in tail, by the entry of the issue in tail.

The following reasons are assigned, by Lord *Holt*, for this determination. 1. Because the tenant in tail has in him an estate of inheritance. 2. Because having in himself the whole estate, there is no reason why he cannot divest himself of it, by grant, bargain and sale, &c. since the power of disposition is incident to the property of every one. 3. It is no

HARVARD LAW SCHOOL LIBRARY

*Hartford,*
*June,*
*1822.*

Whiting
*v.*
Whiting.

prejudice to the issue in tail, as he can relieve himself effectually, by action or entry ; and therefore, is no breach of the statute *de donis.*

The subsequent determinations are all agreeable to the decision in *Machell* v. *Clarke, Stapleton* v. *Stapleton,* 1 *Atk.* 8. *Goodright* v. *Mead,* 3 *Burr.* 1703. 2 *Bac. Abr.* 125. 1 *Saund.* 260. in note 1. It follows, that after the deed from the tenant in tail, in this case, to his son *Allen,* nothing remained in the grantor, of which the plaintiff could be endowed.

The other Judges were of the same opinion.

New trial not to be granted.