Read, J.
The single question in this case is, have the Legislature power to grant divorces ?
The constitution confers no such power. The Legislature is not sovereign ; nor are all the departments of government, combined. The people only are sovereign. Nor can the matter be helped out by implication, for the constitution in express terms declares that “ all powers not hereby delegated, remain with the people.” The Legislature, then, as well as the other departments of state, possesses, only a delegated power, and can exercise no powers not delegated. The constitution confers no power to grant divorces; from whence, then, can the Legislature derive it ? Not, like the British Parliament, from sovereignty, because' the Legislature does not possess it; not from the constitution, because it does not confer it.
This is not all; divorce is the subject matter of judicial action. The marriage relation involves rights to property, support for the wife, and the protection, maintenance, and education of children. What becomes of all these rights and obligations, if the Legislature at once cuts the marital tie by a simple law, or expression of Legislative will ? Beyond all this, by what authority can the Legislature strike down the dearest rights at a single blow, without hearing, without a day in *447 Court, and without pretending to possess the power to adjust these various delicate questions? The whole matter of marriage relation, call it a contract, a Divine ordinance, a mestic relation, or what you will, is a matter of judicial action and consideration, before the parties concerned can be deprived of their rights, or relieved from their duties.
Thus the Legislature, in granting divorces, have not only assumed a power not delegated to them, but have usurped a power expressly conferred upon the judiciary.
For these reasons, we say the Legislature have no power to grant divorces.
Some eminent jurists have denied the power to the Legisla- . ture, upon the ground that it is a law impairing the obligation of contracts, and therefore prohibited to the States by the constitution of the United States. We do not choose to place it upon this ground, because we believe that clause was inserted in the constitution for no such object, but as appliable to contracts of a wholly different nature. And besides, I believe it not only consistent with the theory of our government, but that our happiness, interest, and safety require us to deny to the general government any possible power not expressly granted, or clearly conferred. It is to the State where we have the control, that we must look for the protection of our dearest rights; and I would be the last to surrender up any right to the general government, and especially so dear a one as that of our domestic relations. This is a matter of our own, and we will keep it so.
But this abuse of power, I do not suppose was designed; but it is one among the common examples of a long tolerated abuse, assuming to become a right, and of the too ready disposition in the mind to follow examples, without stopping to inquire whether they apply. Without strictly scrutinizing their own powers, and looking for their guide to our own constitution, the members of the Legislature have' looked abroad, and seen that the British Parliament, and that most if not all the Legislatures in the United States have exercised the power of grant *448 ing divorces, and from thence have come to the conclusion that Legislature could do what another has, and that the Leg-of Ohio had as much power as any other Legislature, and thus have arrived at the conclusion that they had the power to grant divorces.
This was a much mistaken mode of reasoning, and has led the Legislature into a grevious fault. The British Parliament is clothed, according to their notions, with sovereign power, and may do what they like; many, if not all the Legislatures of the colonies, and the old States, possessed and exercised both Legislative and judicial power. Hence, all these furnish no light to us. Our Legislature is clothed with the simple power to enact laws, and do some other things expressly authorized by the constitution. Beyond this, the Legislature has no power at - all. To grant a divorce, is not to enact a law; an expression of the will of the law-making power that the marriage relation is dissolved, is no law. It is a decree, an order, a judgment, but not a law. A law is a rule, something permanent, uniform and universal. A divorce' begins with the parties, and ends with the parties. It is a single act, and begins and expires with the performance of a single function.
But nevertheless, our Legislature have assumed and exercised this power for a period of more than forty years, although a clear and palpable assumption of power, and an encroachment upon the judicial department, in violation of the constitution.
To deny this long exercised power, and declare all' the consequences resulting from it void, is pregnant with fearful consequences. If it affected only the rights of property, we should not hesitate; but second marriages have been contracted, and children born, and it would bastardize all these, although born under the sanction of apparent wedlock, authorized by an act of the Legislature before they were born, and in consequence of which the relation was formed which gave them birth. On account of these children, and for them only, we hesitate. And in view of this, we are constrained to content ourselves with simply declaring that the exercise of the power of granting di *449 vorces, on the part of the Legislature, is unwarranted and unconstitutional, — an encroachment upon the duties of the judiciary, and a striking down of the dearest rights of without authority or law.
We trust we have said enough to vindicate the constitution, and feel confident that no department of State has any disposition to violate it, and that the evil will cease. ,
We are constrained to affirm the judgment of the. Common Pleas.