White, J.
The only question necessarily involved in the decision of this case is whether George C. Corning, the plaintiff below, as surviving husband of his deceased wife, Sarah, is invested with the right to the possession of the real estate in controversy.
It is unnecessary to consider, for the determination of this question, in whom the ultimate fee to the premises may be vested; and as parties interested in that question are not before us, we express no opinion upon it.
The right of Corning, the plaintiff below, depends on the nature of the estate which Sarah, his wife, took as devisee under the seventh item of her grandfather’s will.
The estate for life which was intended to be created for the testator’s widow, having failed, the provision in reference to it may be left out of view.
By the seventh item of his will, the testator devised the real estate in controversy to his granddaughter, Sarah, and her issue, “ to have and to hold the same to the said Sarah and her issue and their heirs.” There is also a provision which declares that, if Sarah should die before the age of twenty-one years, leaving no issue then living, he gives and devises the property so intended for her to his two daughters, Jane Gano and Maria King, for their lives, equally share and share alike, and, upon their decease, to their issue respectively.
The claim of the plaintiff below is that, under this provision of the will, his wife became invested with an estate in fee tail; and that, as surviving husband, he is entitled, under the statute of this state, to an estate by curtesy.
This claim is resisted on several grounds.
1. It is contended that, under the operation of the will, *425 independent of the effect of the act to restrain the entailment of real estate, Sarah took only an estate for life.
2. That, on her death, without leaving issue, the devise over took effect, and that the whole estate became vested in Jane Gano and Maria King and their issue.
3. If the above propositions can not be sustained, and if, under the will, an estate tail would, at common law, vest in Sarah, it is contended that the effect of the act to restrain entailment is to reduce the estate of the first donee in tail to a life estate merely; and, consequently, that neither curtesy nor dower can attach to such an estate, under the statute.
We can not assent to either of these propositions.
In regard to the first, it is claimed that issue, as used in connection with the devise to Sarah, is a word of purchase and not of limitation; and that the effect of the devise is to vest in Sarah an estate for life, with remainder to her children. Without undertaking to consider what the effect would be, had the word children been used instead of issue, we will merely remark that we see no ground for making the substitution. The fact that, in the natural course of events, only one class of issue — namely, children — could have been intended in prescribing the contingency upon which the devise over to Jane Gano and Maria King was to take effect, does not show that the testator, in making the devise to Sarah and her issue generally, intended the word issue to be restricted to that class.
The authorities are clear and decisive to the point, that issue, as here used, is a word of limitation; and that, where no statute interferes, the effect of a devise like the one in question is to vest in the devisee an estate1 in fee tail. Hawkins on Wills, 189; 2 Jarm. *328, *329; Nightingale v. Burrell, 15 Pick. 104; Buxton v. Inhabitants of Uxbridge, 10 Met. 87; Wheatland v. Dodge, Ib. 502; Wight v. Thayer, 1 Gray, 284; Hall v. Thayer, 5 Gray, 523.
In support of the second proposition, it is claimed that in the clause providing for the contingency upon which the devise over is to take effect, the word “ or ” should he *426 inserted, so as to make the devise over take effect on the contingency of Sarah’s dying without issue, although after she attained twenty-one years of age.
The effect of this construction would be to disinherit the issue of Sarah, in case she had married and died before arriving at the prescribed age, leaving issue. The case of Sayward v. Sayward, 7 Greenleaf, 210, cited in support of the position, and the cases therein cited, are to the contrary. That case is to the effect, that if “ or,” which it is claimed should be inserted, had been used in the will, the intention in favor of the issue would require “ and ” to be substituted.
The remaining question is as to the effect of the act to restrict the entailment of real estate. 1 S. & C. 550.
The act provides as follows: “That from and after the taking effect of this act, no estate in fee simple, fee tail, or any lesser estate, in lands or tenements, lying within this state, shall be given or granted, by deed or will, to any person or persons but such as are in being, or to the immediate issue or descendants of such as are in being at the time of making such deed or will; and that all estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in tail.”
We do not think it was intended by this statute to change the nature of the estate of the first donee in tail from an inheritable estate to an estate for life merely. The evil against which the statute is directed is the perpetuating of the estate in the issue of the first donee. To accomplish this object to the extent that was deemed necessary, it was intended by the statute to restrict the entailment to the immediate issue of such donee, and on the determination of his interest in the estate, and of such rights as the law annexed to it while held by him, to enlarge the estate tail in the hands of such issue into an absolute estate in fee simple.
The act in question was copied, substantially, from the statute of Connecticut, passed in 1784. Before its adoption in this state, it is claimed to have received a settled con *427 struction in that state, to the effect that, under it, the donee takes a life estate only, and that his issue take by purchase and not by inheritance.
We have examined the cases referred to in the argument, as well as others decided in that state, and have been led to a different conclusion.
In Hamilton v. Hempsted, 3 Day, 335, the jury were instructed that the devisee took an estate tail, and that the estate became a fee simple in his issue.
In Whiting v. Whiting, 4 Conn. 179, the tenant in tail general of an estate, for a valuable consideration, conveyed the same by a fee-simple deed, with the usual covenants, and it was held that the grantee acquired a base fee, determinable on the death of the tenant in tail, by the entry of the issue in tail; but until such determination, the estate had all the incidents of a fee simple.
In Dart v. Dart, 7 Conn. 250, it was held that the issue of the first donee in tail, during the life of such donee, had no right which he could transfer. The court say : “Such issue is only an heir apparent or presumptive. His title is the bare possibility, or mere chance, of becoming eventually the heir in tail; for the maxim is ‘nemo est hceres viventis.’ And it is a well-settled rule, that a mere possibility can not be released or conveyed.’’
In the following cases, also, it was held that the devisees took estates tail: Hudson v. Wadsworth, 8 Conn. 349; Williams v. McCall, 12 Ib. 328; Comstock v. Comstock, 23 Ib. 349.
In the last case, Ellsworth, J\, in delivering the opinion of the court, says: “ The estate of the defendant, under his father’s will, is an estate tail, and nothing more; his lineal heirs only being entitled to take under and through him, and he never having any greater than a life estate to convey.”
By the last expression that the devisee had no greater than a life estate to convey, is meant, not that he took a life estate by the devise, but that the only estate he could convey determined with his life. If he took only a life *428 estate, such estate would determine on his death, and his heirs could not take under and through him.
A somewhat similar expression is used by the learned judge delivering the opinion of this court in Pollock et al. v. Speidel, 17 Ohio St. 447. The controversy in that case was between the issue of the donee and the defendant, claiming under a conveyance from the donee, and the question was as to the quantity of interest conveyed. The judge said the “ statute recognizes the first donee in tail as holding an estate for life only, as tenant in tail.” The idea intended to be expressed was that the donee, holding only as tenant in tail, could not convey an estate that would endure beyond his own life.
To give to the expression the meaning claimed by plaintiff's counsel, that the donee took a mere life estate, would render the opinion not only inconsistent with itself, but with the fourth proposition of the syllabus. Further along in the opinion (pp. 448, 449), it is said “ that the words ‘heirs of his body,’ used in the conveyance to James Pollock, are words of limitation, not of purchase, and that his issue take not as purchasers, but by descent.”
It is true that Mr. Scribner, in his work on dower (vol. 1, pp. 269,270), in classifyingthe statutes of the various states, relative to estates in fee tail, makes the observation that in-Ohio the first donee in tail takes an estate for life. The same remark is made in regard to Connecticut. To the same effect is a note to Kent’s Commentaries. 4 Kent, 15, note c. No authorities are cited in support of the position, nor is there any discussion or critical examination of the question.
In regard to Whiting v. Whiting, supra, cited in the section referred to of Mr. Scribner’s work, as deciding that the widow of the tenant in tail is not entitled to dower where the estate has been conveyed by the husband, it may be remarked that in Connecticut the widow is dowable only of estates of which her husband died seized. 1 Root, 50; 4 Kent’s Com. 41.
Dower was denied in that case, not on .the ground that *429 the husband had not an inheritable estate in the premises during coverture, but because he was not seized thereof at the time of his death.
Among the incidents attaching at common law to an estate in fee tail, are the rights to curtesy and dower. With these rights the statute above referred to does not interfere. And, in this state, by statute, the surviving husband is entitled to an estate by curtesy, whether there be issue horn during the coverture or not. 1 S. & C. 504, sec. 17.
It is contended that the judgment should be reversed, because Jane Gano and the children of Maria King, under whom the defendant below, as their tenant, was in possession, were not made parties. The answer denies the right of the plaintiffs, and also contains a disclaimer of possession of the property, or of any right therein, otherwise than as tenant of said parties, and sets up their title as a defense. Unless the title so set up is a good one, it constitutes no defense. The parties under whom she claimed would, doubtless, have been proper parties, but they were not necessary parties to the determination of the controversy between the plaintiff and the defendant. Not being parties to the suit, they would not be bound by the judgment, unless they chose to become bound. The legal effect of the judgment is to transfer the possession from the defendant to the plaintiff; and, as the parties in the court below proceeded to final judgment without bringing in the parties referred to, the omission affords no ground for reversing the judgment.
Judgment affirmed, and entry to be made in accordance with the agreement of the parties of record.
Day, C. J., McIlvaine, Welch, and Rex, JJ., concurring.