Crew, J.
If the estate tail devised to Elizabeth Wilson was not alienable by the issue in tail during her life, subject to her tenancy therein, then the grants made by William T. Wilson and George H. Wilson, who both died before their mother, were wholly void and no estoppel thereunder can be invoked ag'ainst their children. Therefore the decision of this case, upon the facts as presented by the record herein, depends primarily upon whether or not William T. and George H. Wilson during the lifetime of their mother, were severally seized of a fee simple estate in the premises which they respectively assumed to convey to George Dungan. That under the wills of Titus Dungan and Mary Ann Kirkendall, Elizabeth Wilson, as devisee, took an estate tail in the premises in controversy, is conceded, and the contention of *379 Harriet Dungan, plaintiff in error, is, that under the devises therein made to Elizabeth Wilson and the heirs of her body, that William T. and George H. Wilson as her children, upon the death of said testators, each immediately, by force of the provisions of Section 4200, Revised Statutes, became entitled to and vested with an absolute estate in fee simple to a one-seventh part of the premises so devised to their mother, Elizabeth Wilson, as first donee in tail. On the other hand, it is 'claimed by the children of William T. and George H. Wilson, all of whom are defendants in error herein, that their fathers, during the lifetime of Elizabeth Wilson, had no estate or interest in said premises which they of right could alienate or convey, that until the death of said Elizabeth Wilson, the interest of William T. and George H. Wilson in said premises was that of a mere possibility or expectancy which could ripen into title and become a vested estate or interest, only in the event that they survived their mother, Elizabeth Wilson, the first donee in tail. In both the court of common pleas and in the circuit court, the contention of Harriet Dungan was held to be erroneous and was determined against her, and in this we think there was no error. Section 4200, Revised Statutes, provides as follows: “No estate in fee simple, fee tail, or any lesser estate, in lands or tenements, lying within this state, shall be given or granted, by deed or will, to any person or persons but such as are in being, or to the immediate issue or descendants of such as are in being at the time of making such deed or will; and all estates given in tail shall be and remain an *380 absolute estate in fee simple to the issue of the first donee in tail.” Counsel for plaintiff in error, in discussing the effect of this statute, say in their brief: “The first part of the section, preceding the semi-colon, permits the granting of a limited estate tail and it forbids the granting of the same to persons who are in fact more remote than the immediate issue of persons in being at the time said grant is made.” This claim, ignoring as it does the word “descendants” found in the statute, is in part at least clearly erroneous. It will be observed that by the language of the first clause of this section the entailment by deed or will, is not restricted to persons in being, or to the immediate issue of such as are in being, but the limitation is, to persons in being, “or to the immediate issue -or descendants of such as are in being at the time of making such deed or will.” In Turley v. Turley et al., 11 Ohio St., 173, this court, when interpreting the language of this statute, after setting out a copy thereof, say: “What is to be understood by the terms, ‘immediate issue/ and ‘immediate descendants/ as employed in the above recited act?
“The counsel for the plaintiff insists that both terms indicate only one and the same class of persons; that is, living children of Mrs. Turley, and that neither include living children of her predeceased children.
“The presumption always is, that every word in a statute is designed to have some effect, and hence the rule, that ‘in putting a construction upon any statute, every part shall be regarded, and it shall be so expounded, if practicable, as to give some *381 effect to every part of it.’ Commonwealth v. Alger, 7 Cushing, 89.
“The word ‘issue/ without the qualifying word, ‘immediate/ would, undoubtedly, include grandchildren and great-grandchildren of the person -to whose issue the bequest is made. 2 Williams on Ex., 252; 2 Jarman on Wills, 255, note. But we incline to the opinion that the qualifying word ‘immediate’ prefixed to it in the clause referred to, limits the phrase to the children merely of the person in being, etc.; and we do this the more readily, as we are satisfied that the remoter lineal descendants, if living at the death of the person in being when the will was made, are included in the phrase,- ‘immediate descendants.’
“In order to determine whether the words, ‘issue,’ and ‘descendants,’ used in the act, refer only to one and the same class of persons, or whether the one is more extensive than the other, we may very properly look to the entire law and its title, as well as the mischief or defect it was designed to remedy; and also to the other statutes in relation to the inheritance and transmission of estates. * * *
“But there is a plain and broad distinction between the terms ‘children’ and ‘descendants,’ the one indicating only lineal descendants, while the other includes both lineal and collateral relations — all, in short, that would then take the estate under the statute of descents. * * * All such persons may not be in fact, but they are in law, the descendants of the person from whom they receive the estate.” This interpretation of the statute was followed and approved by the *382 supreme court of the United States in McArthur et al. v. Scott et al., 113 U. S., 340. In support of their contention that the statute forbids devises to persons more remote than the children of the first donee in tail, counsel for plaintiff in error seem to place much reliance upon the following expression found in the opinion of Shauck, J., in Phillips et al. v. Herron et al., 55 Ohio St., 489, where it is said: “It (Section 4200) forbids devises to persons who are in fact more remote than the immediate issue of persons in being at the time of the testator’s death.” While this lang-uage perhaps sufficiently defines the rule of the statute as applicable to the facts of that particular cas.e,' it is not, as clearly appears from the foregoing cases, a correct and accurate statement of the general rule and scope of the statute. And it obviously was not so intended by the author of that opinion, else he would hardly have cited in support of such statement, Turley v. Turley, and McArthur v. Scott, supra.
That, during the life of Elizabeth Wilson, first donee in tail, her children William T. and George H. Wilson had no estate or interest in the premises devised to her which they of right could alien or convey, while not heretofore directly decided by this court has, we think, by necessary implication, been so determined in several cases, In Pollock v. Speidel, 17 Ohio St., 448, in discussing the scope and effect of the act of 1811 (now Section 4200, Revised Statutes), Scott, J., says: “The statute recognizes the first donee in tail as holding an estate for life only, as tenant in tail; and does not convert the estate into a fee *383 simple till it reaches the hands of his issue.” While it would seem to be, and was, incorrect to speak of the first donee in tail as holding an estate for life, as tenant in tail, this apparent inaccuracy of statement is sufficiently, and we think correctly explained in Harkness v. Corning, 24 Ohio St., 428, where the court say:, “A somewhat similar expression is used by the learned judge delivering the opinion of this court in Pollock v. Speidel, 17 Ohio St., 447. The controversy in that case was between the issue of the donee and the defendant, claiming under a conveyance from the donee, and the question was as to the quantity of interest conveyed. The judge said the 'statute recognizes the first donee in tail as holding an estate for life only, as tenant in tail.’ The idea intended to be expressed was that the donee, holding only as tenant in tail, could not convey an estate that would endure beyond his own life. To give to the expression the meaning claimed by plaintiff’s counsel, that the donee took a mere life estate, would render the opinion not only inconsistent with itself, but with the fourth proposition of the syllabus.” This case of Harkness v. Corning, supra, is also decisive of the proposition, that the statute does not become operative until the estate passes by the first donee in tail and reaches the issue of such donee, when, as said in the opinion at page 426, on the determination of the interest of such donee and of such rights as the law annexes to his interest while held by him, the*^ statute then enlarges the estate tail in the hands of such issue into an absolute estate in fee simple. When the case of Pollock v. Speidel, supra, was *384 a second time before this court, 27 Ohio St., 86, the court, in considering and discussing the effect of 'the last .paragraph of the statute which reads, “and all estates given in tail shall be and remain an absolute estate in fee simple to the issue of the first donee in tail,” say that the issue of a tenant in tail ‘‘has no leg-al rights in the premises during the tenant’s life. The issue takes', if at all, by descent as heir of the body, and the maxim is nemo est hares viventis.’ ” The action was one in ejectment, and was brought by the children of one James Pollock, who was the son of John Pollock, Jr., first donee in tail, against the defendant to recover possession of certain real estate of which they claimed to be seized in fee simple as heirs of said James Pollock. The defendant denied the title of plaintiffs and alleged title in himself under a conveyance from said James Pollock by deed of general warranty executed June 30, 1831. While it does not positively and affirmatively appear at-what time John Pollock, Jr., the first donee in tail died, and the court in the opinion so sta,te, yet it -does appear from the agreed statement of facts therein: “III. That John Pollock, Jr., left some five children besides James Pollock, the grantee in the deed dated June 30, 1831.” We therefore conclude that the fair and reasonable inference is, and that the fact was, that John Pollock, Jr., the father of James, died before he did, and as, upon the death of his father, James as issue in tail would, thereupon take, by force of the statute an absolute estate in fee simple, with full power of alienation, he would of course, as would also his heirs, be estopped by his deed of *385 June 30, 1831, which was a deed of general warranty, and this would be so, as said by the court in that case, even though John Pollock the first donee in tail was living at the time of its execution. Upon no other theory, than that James survived his father, can the decision in this case be reconciled with other decisions of this court, or be supported and upheld. Our statute of entailments, Section 4200, substantially in its present form, was copied from the statute of Connecticut, and the precise question we are now considering was decided *by the supreme court of that state in Dart v. Dart, 7 Conn., 250, where it is said by Peters, J.: “2. What estate passed from the plaintiff, by his deed to the releasees? By the common law, a release is a secondary conveyance, and is a discharge of a man’s right in land or tenements to another, who hath some former estate in possession. Shep. Touch., 318, 2 Bl. Com., 328. But in this state, a release is considered as a primary conveyance, and passes all the right of the releasor to the releasee, provided no other person be in possession adversely; and operates as a conveyance without warranty. 1 Sw. Dig., 133. But if he have no right, nothing passes, not even a chose in action. What estate, then, had tjie issue of the first donee in tail, during his life? My answer is, none. The plaintiff could, therefore, convey none. Such issue is only an heir apparent or presumptive. His title is the bare possibility, or mere chance, of becoming eventually the heir in tail; for the maxim is, (nemo est hceres viventis.’ And it is a well settled rule, that a mere possibility can not be released or conveyed; and the *386 reason thereof is, that a release supposes a right in being. Shep. Touch., 319, Bac. Abr. Tit. Release. H.” It follows from the foregoing, we think, that the judgment of the circuit court in the present case was right and should be affirmed.

Judgment affirmed.

Summers, C. J., Spear, Davis, Shauck, and Price, JJ., concur.